O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4147 AHM (RZx) | Date | August 12, 2009 |
|---|---|---|---|
| Title | JOSE R. GONZALEZ v. FIRST NLC FINANCIAL SERVICES, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| S. Eagle | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

    On May 12, 2009, Plaintiff Jose R. Gonzalez filed this action, arising from a home loan, as a *pro se* litigant in Los Angeles Superior Court. Gonzalez's complaint appeared to be a "boilerplate" pleading, and two of his ten claims alleged violations of federal law. On June 11, 2009, Ocwen Loan Servicing, LLC and HSBC Bank USA, N.A. as Trustee for the Registered Holders of First NLC Trust 2007-1 Mortgage Backed Certificates, Series 2007-1, removed this case to federal court on the basis of federal question jurisdiction and supplemental jurisdiction. On July 1, 2009, this Court granted the request of Attorney Richard A. Rodgers to substitute in place of Plaintiff. On July 14, 2009, Plaintiff filed a First Amended Complaint ("FAC") alleging just four claims, all under state law. The FAC seeks, among other things, to invalidate the Deed conveyed in a Trustee Sale of the subject property to HSBC Bank, and to enjoin any unlawful detainer action against Plaintiff during the pendency of this case.

    On July 14, 2009, Defendants HSBC Bank and Ocwen moved to dismiss Plaintiff's FAC. That motion is currently set for a hearing on August 17, 2009. But for the reasons discussed below, the Court intends to remand this case to Los Angeles Superior Court because it appears that it has neither federal question jurisdiction nor diversity jurisdiction, and it would not be prudent to exercise supplemental jurisdiction. The Court therefore takes the motion to dismiss OFF CALENDAR and UNDER SUBMISSION. The parties are ORDERED TO SHOW CAUSE, in writing, why this case should or should not be remanded.

**I.     DISCUSSION**

    A federal court must determine its own jurisdiction even if there is no objection to

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4147 AHM (RZx) | Date | August 12, 2009 |
|---|---|---|---|
| Title | JOSE R. GONZALEZ v. FIRST NLC FINANCIAL SERVICES, et al. | | |

it. *Rains v. Criterion Systems, Inc.,* 80 F.3d 339 (9th Cir. 1996). Under 28 U.S.C. § 1441, any action brought in state court over which federal courts would have original jurisdiction may be removed by the defendant or defendants to the appropriate district court. 28 U.S.C. § 1441(a). District courts have original jurisdiction either where an action arises under federal law or where the amount in controversy is greater than $75,000 (exclusive of interest and costs) and where there is complete diversity of citizenship between the parties. 28 U.S.C. §§ 1331, 1332(a). Once a removing defendant has properly removed a case, "[a]ny post-removal pleadings must be treated just as they would be in a case originally filed in federal court." *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 977 (9th Cir. 2006). Thus, when a case is removed on the basis of federal question jurisdiction, and the federal claim is eliminated, the district court has discretion to remand the case unless the amended pleading shows diversity jurisdiction. *Id.*; Schwarzer, et al., *Federal Civil Procedure Before Trial*, ¶ 2:1067-1068.1 (2009) (citations omitted).

In this case, the removing defendants met their burden under the removal statute, because at the time of removal Plaintiff's Complaint alleged federal claims. HSBC Bank and Ocwen thus asserted in their Notice of Removal that this Court had federal question jurisdiction and supplemental jurisdiction. Notice of Removal ¶¶ 8-11. But now that Plaintiff has amended his pleading to assert only state law claims, this Court no longer has federal question jurisdiction and may decline to exercise supplemental jurisdiction as long as there is no diversity jurisdiction.

It appears from the amended pleading that this Court does not have diversity jurisdiction. Although Plaintiff's FAC does not explicitly allege Plaintiff's citizenship, it does allege that he is "an individual residing in Los Angeles County, and at all times relevant, living at [the subject property], as his primary residence." FAC ¶ 3. *See generally Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. . . . A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.") "Residence alone is not the equivalent of citizenship, but the place of residence is *prima facie* the domicile." *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (citations omitted); Schwarzer, et al., *supra*, at ¶ 2:288 ("A party's residence is 'prima facie' evidence of domicile. But if the matter is disputed, proof of domiciliary intent is required

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4147 AHM (RZx) | Date | August 12, 2009 |
|---|---|---|---|
| Title | JOSE R. GONZALEZ v. FIRST NLC FINANCIAL SERVICES, et al. | | |

to establish citizenship of each party.") Furthermore, Defendant Cal-Western Reconveyance Corp. (which was also named in the original Complaint) is allegedly "a California corporation doing business in the County of Los Angeles . . ." FAC ¶ 10. It thus appears that there is not complete diversity of citizenship between the parties.

Assuming that this Court does not have diversity jurisdiction, it intends to decline to exercise supplemental jurisdiction. A district court may decline to assert supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). *See, e.g., Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001). Supplemental jurisdiction should be declined when doing so serves the objectives of economy, convenience and fairness to the parties, and comity. *Trustees of the Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925-26 (9th Cir. 2003). "In the usual case in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims." *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) (quoting *Schneider v. TRW, Inc.*, 938 F.2d 986, 993 (9th Cir. 1991)); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 351, 350 n.7. This case is at the earliest stages, and none of the objectives of supplemental jurisdiction weigh in favor of retaining federal jurisdiction.

## III. CONCLUSION

Because this Court no longer has federal question jurisdiction over this matter, and it would not be prudent to exercise supplemental jurisdiction, this Court will remand this matter to the Los Angeles Superior Court unless it has diversity jurisdiction. Diversity jurisdiction is not apparent from the face of the Complaint, and the Court therefore ORDERS the parties to SHOW CAUSE in writing by not later than **August 19, 2009**, why this Court should or should not retain jurisdiction over this case. The Court takes OFF CALENDAR and UNDER SUBMISSION the pending motion to dismiss.[1]

No hearing is necessary. Fed. R. Civ. P. 78; L. R. 7-15.

---

[1] Docket No. 17.

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4147 AHM (RZx) | Date | August 12, 2009 |
|---|---|---|---|
| Title | JOSE R. GONZALEZ v. FIRST NLC FINANCIAL SERVICES, et al. | | |

|  | : |
|---|---|
| Initials of Preparer | se |